STARR v. HOUSER et al.

(Circuit Court, S. D. Ohio, W. D.   July 18, 1911.)

No. 6,566.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—ELLIPSOGRAPH.

The Starr patents, No. 533,095, for an ellipsograph, No. 683,809, for an ellipsograph having a bevel cutting tool for making picture mats, etc., and No. 766,158, for an ellipsograph with a tool for cutting glass or metal, were not anticipated, and all disclose invention of high order; also all *held* infringed.

In Equity.   Suit by Ferdinand W. Starr against Charles C. Houser and the Historical Publishing Company.   On final hearing.   Decree for complainant.

Obed C. Billman, for complainant
Wood & Wood and Gottschall & Turner, for defendants.

HOLLISTER, District Judge.   The complainant is the patentee under letters patent No. 533,095 of an apparatus known as "Starr's ellipsograph."   The object of the invention is the construction of an instrument adapted to drawing a great variety of forms, as parallel lines, angular, circular, radial, elliptic, square, etc., and it was, and is, the first successful attempt at drawing, with a machine, geometrically accurate ellipses of predetermined size or form, and is capable of drawing parallel lines and straight lines at right angles to each other representing the major and minor axes of ellipses, and in doing so it is not necessary to readjust the apparatus during the operation. No other machine prior to this invention had been able to accomplish this.   It may be deduced from the testimony that this apparatus was the first commercially successful ellipsograph known to the art.

The apparatus has gone into extensive use, and was introduced, not by extensive advertising and methods through which a market is sometimes created for patented articles, but by the inventor himself, who by personally going from place to place and practically demonstrating to those engaged in the business of such a character as to need or find useful a machine having this machine's capabilities has made a market through the merit of the apparatus itself.   It is indeed a wonderful invention, and while it is not a pioneer invention, strictly speaking, in that others had previously patented ellipsographs, yet its value and its capabilities were so far superior in method of operation and achievement to any apparatus known to the art that it marks a distinct and very great advance in the art.   It marks the long step between failure and success and evidences inventive genius of a high order.   In determining questions of infringement it is therefore entitled to include a wide range of mechanical equivalents.

The object of the complainant's second invention, evidenced by letters patent No. 683,809, was to improve upon his ellipsograph by producing an instrument which would not only draw or outline the particular form or figure to be produced, but would cut the same from

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the material upon which the instrument is worked, making the edge beveled; it being especially adapted for cutting mats for pictures or similar outline work. The cutting of the material in the particular predetermined form for which it may be set is done by the sharp blade of a metal tool taking the place of the pencil or pen used in drawing in the first patent; the edge of the tool being inclined laterally with its cutting edge extended rearwardly from its swivel mount and constituting means for free bevel cutting. The prior art discloses cutting tools with their cutting edges extended rearwardly from the swivel mounts and capable of bevel curve cutting, but the prior art does not disclose a tool inclined laterally with its cutting edge extended rearwardly, and adapted for bevel cutting only, and so disposed in its adjustment to the movements and impulse of the ellipsograph as in trailing and following lines of least resistance will automatically bevel cut circles, ellipses, etc., in the form and size for which the apparatus is set through predetermined intention. The combination of such a tool and swivel mount and lateral inclination of the cutting edge of the blade extending rearwardly therefrom and constituting the means for free bevel cutting with the means for outlining various curved figures was new, and of great value. The motion imparted to such a tool so mounted by the mechanism of the ellipsograph is of such a character as that the bevel cutting is and must be geometrically correct and of predetermined exact size and form by the setting of the machine to bring about the accomplishment of the shape and size of the beveled aperture desired. The claims in this patent deal also with various improvements in the means by which this really wonderful result is attained.

The complainant's third patent, as evidenced by letters patent No 766,158, is for a machine in many of its elements substantially like the subject-matter of his second invention, the difference between the two being that in that patent the cutter is one adapted to cut in beveled directions only, while the apparatus described in the third patent is adapted for cutting in glass or similar substances where no bevel is necessary, and involves the combination of a free trailing cutter with a guided and directed cutter carrier moving in a predetermined curved path. It is found upon a comparison of the devices disclosed in the prior art that the claims 9, 10, 12, and 13 in this patent have no counterpart in any instrument theretofore devised. The novelty of these devices and combinations is, it seems to me, well established by the evidence in the case.

Defendants' apparatus will be found to accomplish the same purposes as the complainant's, but not with equal facility and ease of operation, though it does not appear that the defendants' apparatus is capable of drawing straight lines at right angles to each other forming the major and minor axes in an ellipse. Indeed, the defendants' expert witness who testified concerning anticipations of the complainant's ellipsograph in the prior art did not discover upon first examination and prior to his second cross-examination that complainant's apparatus was capable of a mechanical feat so extraordinary, and it was not until he had made further investigation of what complainant's

machine could do that he perceived it was capable of more than upon first examination had been clear to him; in other words, he did not fully understand the machine when he testified of anticipations in the prior art. He at first testified that it was incapable of such use.

While defendant's machine differs in appearance from "Starr's ellipsograph" and parts of it are different in form and method of operation from Starr's ellipsograph, yet it can be seen upon comparison of the parts that the differently shaped and differently operated parts, nevertheless, by their juxtaposition and operation upon each other involve the same mechanical principles exemplified by Starr's machine.

If the various elements of defendants' machine in their correlative operation are marked with letters and the same elements of complainant's are marked with the same letters, it will be seen that the complainant's combination of—

(1) the sliding-bar $D$,
(2) the shaft $L$ with its integral guide arms,
(3) the sliding shaft $I$,
(4) the arm $H$,
(5) the spiral spring $s$, to elevate the several parts,
(6) the operating and depressing arm $K$, and
(7) the pencil holder ($G$)
   (said parts being adapted to produce continuous broken lines, substantially as described),

is found in the defendants' machine, and they are arranged and cooperate on the same principle to produce the same results as are produced by complainant's ellipsograph, or, at least, are mechanical equivalents thereof. It admits of little doubt that the Henninger tool positioned for bevel curve cutting is described in claims 1 to 5, inclusive, of Starr's second patent. The purpose of the tool is to make a beveled curved cut of geometrical accuracy when impelled by mechanism to give it direction. That was the purpose of the invention and its description in those claims and the combination of the ellipsograph with such a tool for cutting glass, thin sheets of metal, leather, etc., would be and is infringed by defendants' machine.

Without elaborating further, I find that all of the claims sued upon, set forth in these three patents, have been infringed by both of the defendants, and that the circumstances of infringement are aggravated, and of such a character as to justify the award to the complainant of triple damages as authorized by law.